**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1052**

RONALD SATISH EMRIT,

                    Plaintiff – Appellant,

      v.

OFFICE DEPOT, INC.,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:13-cv-02297-RWT)

Submitted:  February 27, 2014      Decided:  March 5, 2014

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Satish Emrit, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Satish Emrit appeals the district court's order dismissing his civil action for failure to exhaust administrative remedies and to comply with a court order. Finding no reversible error for the reasons that follow, we affirm.

Emrit filed an employment discrimination complaint against Defendant Office Depot, Inc., asserting that he had experienced employment discrimination due to an unspecified disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12113 (2012). The district court ordered Emrit to particularize his complaint within twenty-one days to demonstrate that he had exhausted his administrative remedies and received a "right to sue" letter from the Maryland Human Rights Commission ("MHRC") (recently renamed the Maryland Commission on Civil Rights) or the Equal Employment Opportunity Commission ("EEOC").[*] In response, Emrit filed multiple pleadings attempting to challenge the exhaustion requirement. He also amended his complaint as a matter of course, see Fed. R. Civ. P. 15(a)(1), to clarify that his original claims were

---

[*] This court previously dismissed Emrit's appeal of this order as interlocutory. See Emrit v. Office Depot, Inc., __ F. App'x __, 2013 WL 6153786, at *1 (4th Cir. Nov. 25, 2013) (No. 13-2141).

brought under the ADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2006), and to articulate new claims for intentional infliction of emotional distress ("IIED") and alleged violations of the National Labor Relations Act ("NLRA"), see 29 U.S.C. §§ 151-169 (2012). The district court dismissed Emrit's action for failure to comply with its prior order and to exhaust administrative remedies.

On appeal, Emrit argues that he should not have been required to seek administrative review as a prerequisite to filing his complaint. It is well settled that a plaintiff is required by statute to exhaust his administrative remedies before filing suit under Title VII or the ADA. See Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012) (ADA); Chacko v. Patuxent Inst., 429 F.3d 505, 513 (4th Cir. 2005) (2005) (Title VII). Emrit asserts in a conclusory fashion that the exhaustion requirement is "unconstitutional," but he does not explain the basis for this claim—including which constitutional provision the requirement purportedly violates. Contrary to Emrit's assertion, he was not required to exhaust remedies with the National Association for the Advancement of Colored People or the Department of Justice, and neither the EEOC nor the MHRC were required to represent Emrit in his suit. Because it is clear that Emrit did not exhaust his administrative remedies as to his ADA and Title VII claims, and

3

he failed to comply with the court's order directing him to establish such compliance, we find no error in the court's dismissal of these claims.

Emrit's IIED and NLRA claims, raised in his amended complaint, were not subject to the same exhaustion requirement as his employment discrimination claims. However, we may affirm the district court's judgment on any basis clearly appearing from the record. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Insofar as Emrit fairly challenges the dismissal of these claims, we conclude they clearly lack a valid legal basis, and the district court committed no reversible error in dismissing them. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (2012) (permitting court to dismiss case sua sponte when it is "frivolous" or "fails to state a claim on which relief may be granted"); see also Manikhi v. Mass Transit Admin., 758 A.2d 95, 113-15 (Md. 2000) (describing elements of IIED claim); Batson v. Shiflett, 602 A.2d 1191, 1216-17 (Md. Ct. App. 1986) (requiring showing that conduct was "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (internal quotation marks omitted), and recognizing circumstances where workplace harassment is insufficient to establish IIED).

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED